David Wawro (DW-3282)
Ian M. Goldrich (IG-5653)
TORYS LLP
237 Park Avenue
New York, New York 10017
Tel: (212) 880-6000
Fax: (212) 682-0200
Attorneys for Defendant

JUDGE SCHEINDLIN

08 CV 3125

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
D.B. ZWIRN SPECIAL OPPORTUNITIES
FUND, L.P.,

          Plaintiff,

     - against -

TAMA BROADCASTING, INC.

          Defendants.

----------------------------------------------------------------- x

NOTICE OF REMOVAL

MAR 27 2008
U.S.D.C. S.D.N.Y.
CASHIERS

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

      Defendant Tama Broadcasting, Inc. ("Tama"), by its undersigned attorneys, respectfully files this Notice of Removal of this civil action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Tama is entitled to remove this action under 28 U.S.C. §§ 1331 and 1441(b) because the claim in this action arises under the laws of the United States. In support of its Notice of Removal, Tama states as follows:

**A. Prior Proceedings**

    1.    On or about March 7, 2008, plaintiff D.B. Zwirn Special Opportunities Fund, L.P. ("DBZ") filed the summons and complaint in this action in the Supreme Court of the

State of New York, County of New York. True and correct copies of the summons and complaint are annexed hereto as Exhibit A.

2. On or about the same date, DBZ moved that court, by order to show cause, for the appointment of a temporary receiver pursuant to CPLR 6401(a).

3. On or about March 10, 2008, the Honorable Emily Jane Goodman, Justice of the Supreme Court of the State of New York, County of New York, signed the order to show cause. True and correct copies of the order to show cause, DBZ's supporting memorandum of law, the supporting affirmation of Steven Paradise, Esq. with exhibits, affirmed on March 5, 2008, the supporting affidavit of Peter Leibman with exhibits, sworn to March 6, 2008, and the supporting affidavit of Chris McMurray with exhibits, sworn to March 5, 2008 are collectively annexed hereto as Exhibit B.

4. Tama has not answered the complaint or served answering papers in opposition to DBZ's motion for the appointment of a temporary receiver, and has not been served with any process, pleadings, or orders in the action other than the summons, complaint and motion papers, which are annexed hereto as Exhibits A and B respectively.

**B.    There is Federal Question Jurisdiction**

5. This Court would have had original subject matter jurisdiction of this action under 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," if the action had originally been brought in this Court because DBZ's complaint seeks relief pursuant to a federal statute—specifically, the Communications Act of 1934, as amended (the "Communications Act"). *See* 47 U.S.C. § 151 *et seq.*

6. DBZ and Tama are parties to an Amended and Restated Financing Agreement, dated March 17, 2004, and amended and restated June 30, 2005 (the "Agreement").

*See* Compl. Ex. A. DBZ alleges that Tama has breached the Agreement and, in its complaint, seeks judicial foreclosure of all of Tama's assets that have been pledged as security to satisfy Tama's obligations under the Agreement, and related agreements, between the parties, "including, subject to any appropriate approval of the Federal Communications Commission ('FCC'), foreclosure and transfer of the collateral that constitutes stock of Tama or its subsidiaries that represents control of licenses issued by the FCC." Ex. A, ¶ 17. DBZ also seeks the appointment of a receiver "to hold (subject to FCC approval) such licenses pending their sale." *Id.*

7. DBZ's claims necessarily raise a substantial question of federal law because, under the Communications Act, the FCC has exclusive authority to, among other things, regulate the assignment, transfer, or disposition of the broadcast licenses held by Tama. *See* 47 U.S.C. § 310(d). Indeed, Section 9.02 of the Agreement, which is attached as Exhibit A to—and therefore part of—the complaint, expressly states that, with respect to Tama's radio stations and FCC licenses, all DBZ's powers, rights, privileges or remedies under the Agreement (and those of any receiver) are "expressly subject to the Communications Laws." Compl. Ex. A, at 74. *See also id.* at 5 (defining Communications Laws as "all applicable provisions of (i) the Communications Act, and (ii) the rules, regulations, published policies and published decisions promulgated and in effect from time to time (A) under the Communications Act, and (B) by the FCC").

8. Section 310(d) of the Communications Act provides that no broadcast licenses,

> or any rights thereunder, shall be transferred, assigned, or disposed of in any manner, voluntarily or involuntarily, directly or indirectly, or by transfer of control of any corporation holding such permit or license, to any person except upon application to the Commission and upon finding

> by the Commission that the public interest, convenience, and necessity
> will be served thereby.

*Id.*

9.  DBZ's complaint raises issues under Section 310(d) because the relief it seeks (appointment of a receiver and, ultimately, the sale of Tama's licenses) will result in the transfer, disposition, or transfer of control of the corporation's holding Tama's broadcast licenses. *See* Compl. ¶ 17 (seeking "foreclosure and transfer of the collateral that constitutes stock of Tama or its subsidiaries that represents control of licenses issued by the FCC").

10. Accordingly, DBZ's complaint, on its face, necessarily raises a federal issue sufficient to provide this Court with removal jurisdiction pursuant to 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

### C.    There May Also be Diversity Jurisdiction

11. Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between citizens of different States."

#### a.    There May Be Diversity of Citizenship

12. Tama is a Delaware corporation with its principal place of business in Tampa, Florida. Tama is, therefore, a citizen of Delaware and Florida.

13. DBZ is a Delaware limited partnership with its principal place of business in New York, New York. For purposes of diversity jurisdiction, however, limited partnerships and limited liability companies have the citizenship of their partners or members.

14. Upon information and belief, DBZ's general partner is D.B. Zwirn Partners LLC, a Delaware limited liability company with its principal place of business in New York, New York.

15. Upon information and belief, D.B. Zwirn Partners, LLC's managing member is Zwirn Holdings, LLC, a Delaware limited liability company with its principal place of business in New York, New York.

16. Upon information and belief, the managing member of Zwirn Holdings, LLC is Daniel B. Zwirn, an individual who resides in New York, New York. DBZ's citizenship may, therefore, be New York because Mr. Zwirn (the managing member of the managing member of DBZ's general partner) resides in New York.

17. Tama is unaware of any other DBZ partners (general or limited), any other D.B. Zwirn Partners, LLC members, or any other Zwirn Holdings, LLC members and, therefore, has no reason to believe that any are citizens of either Delaware or Florida.

18. Tama is a citizen of Delaware and Florida and, if DBZ's is ultimately a citizen of New York then there is indeed complete diversity between the parties.

b. **The Amount in Controversy Exceeds $75,000**

19. The complaint seeks damages, exclusive of interest and costs, "in an amount of not less than $39,415534.79." Compl., *ad damnum*.

20. The Notice of Removal is timely under 28 U.S.C. § 1446(d). Tama received the summons and complaint on March 18, 2008. Thus, Tama has filed this Notice of Removal within 30 days of receipt of the summons and complaint.

21. Promptly after the filing of this Notice of Removal, Tama will give written notice of the filing to DBZ, and will file a copy of this Notice of Removal with the Clerk of the

Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Tama respectfully requests that this action now pending in the Supreme Court of the State of New York, County of New York, be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Dated: New York, New York
    March 27, 2008

TORYS LLP

By: *David Wawro*
David Wawro (DW-3282)
Ian M. Goldrich (IG-5653)

237 Park Avenue
New York, New York  10017-3142
Tel: (212) 880-6000
Fax: (212) 682-0200

Attorneys for Defendant

Of Counsel:

Charles W. Cherry II, Esq.
Law Office of Charles W. Cherry II
5200 SW 18th Street
Plantation, Florida 33317
Tel: (813) 367-7342
Fax: (954) 583-9667

8441808

- 6 -